IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

VISION BANK,                          :
                                      :
    Plaintiff,                        :
                                      :
vs.                                   :
                                      :   CIVIL ACTION 10-0572-KD-M
BAMA BAYOU, LLC, et al.,              :
                                      :
    Defendants.                       :

REPORT AND RECOMMENDATION

The Motion to Remand filed by Defendants/Counterclaimants (Doc. 64) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. Jurisdiction has been invoked in this Court under the Financial Institution Reform, Recovery, and Enforcement Act of 1989 (hereinafter *FIRREA*), pursuant to 12 U.S.C. § 1819(b)(2)(A & B). After consideration, it is recommended that the Motion to Remand (Doc. 64) be granted.

The facts are, briefly, as follows. On January 16, 2009, Plaintiff Vision Bank brought suit against Defendant Marine Park, LLC as the borrower, as well as a number of other named Defendants as guarantors, in the Mobile County Circuit Court for defaulting on a loan of five million dollars (Doc. 2 Exhibits); on the same date, Plaintiff also brought suit against Defendant

1

Bama Bayou, LLC as the borrower, as well as a number of other named Defendants as guarantors, in the Mobile County Circuit Court for defaulting on three loans of sixteen million dollars (Doc. 3 Exhibits).  Those two actions were consolidated into a single action by order of Circuit Court Judge Johnston on July 8, 2009 (Doc. 3).  On July 19, 2010, a Third Amended Counterclaim was filed by Bama Bayou[1] which named Counterclaim Defendants which had only been, up to that point, identified as fictitious parties; two newly-named Counterclaim Defendants were Silverton Bridge Bank, N.A. and Silverton Bank, N.A. (Doc. 5 Exhibits).  On September 29, 2010, the U.S. Office of the Comptroller of the Currency appointed the Federal Deposit Insurance Corporation (hereinafter *FDIC* or *Corporation*) as Receiver of the Silverton Bridge Bank, N.A.; the FDIC accepted the appointment (Docs. 8-9).[2]  Previously, on May 1, 2009, the U.S. Office of the Comptroller of the Currency had appointed the FDIC as Receiver of the Silverton Bank, N.A.; the FDIC accepted the appointment (Docs. 6-7).  On October 15, 2010, this action

---

[1]Hereinafter, Bama Bayou the other Defendants will be referred to, for the sake of brevity, as Defendants rather than Counterclaimants or Defendants/Counterclaimants.

[2]The Court notes that Silverton Bridge Bank was subsequently dismissed from this action (*see* Doc. 63).

was removed to this Court by the FDIC which asserted that this action was one which arose under the laws of the United States (Doc. 1). A month later, Defendants filed a Motion to Remand this action to the State Courts (Doc. 64). The FDIC has filed a response (Doc. 72) to which a reply has been made (Doc. 73).

In its removal petition, the FDIC asserts that this Court has jurisdiction under 12 U.S.C. § 1819 and that this action is removable pursuant to 28 U.S.C. § 1441(b) (Doc. 1). In a removal action, the party asserting jurisdiction has the burden of establishing proof of it by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery*, 553 U.S. 1080 (2008). Here, that burden falls to the FDIC.

Generally, removal is a statutory remedy which must be narrowly construed so as to limit federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986). The Parties here, though, disagree as to the applicability of the general rule in an action, such as this, where the FDIC is the removing party.

Beginning that discussion, however, the Court notes that

any civil action over which the district court would have original jurisdiction may be removed by the defendant to the district court for the district in which the action is pending. 28 U.S.C. § 1441(a). The Parties do not seem to disagree that this is an action which, under the right circumstances, would be properly brought in a federal forum. The dispute is whether the circumstances have been met. The relevant removal statute states as follows:

> Except as provided in subparagraph (D), the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

12 U.S.C. § 1819(b)(2)(B).[3] While Bama Bayou argues that neither of the two requisite events have occurred, the FDIC asserts that both requirements have been met.

The Court will first take up the question of whether an action has been taken against the FDIC. Though admitting that a

---

[3]The Parties agree that subparagraph D has no relevance to this action (Doc. 64, p. 7; Doc. 72, p. 6 n.1).

counterclaim would be treated as an action, *see FDIC v. S & I 85-1, Ltd.*, 22 F.3d 1070, 1073 (11th Cir. 1994), Defendants assert that the Corporation has not been sued in this action (Doc. 64, p. 8).

The disagreement focuses on a section in a pleading in which Defendants provide names for formerly fictitiously-named Counterclaim Defendants. Specifically, the pleading states as follows:

> The fictitious defendant previously referenced as Defendant G is named as Silverton Bank, NA ("Silverton Bank"). Silverton Bank, N.A. was closed on May 1, 2009 by the Office of the Comptroller of the Currency (OCC) and the FDIC was named Receiver. . . . Silverton Bank acquired an 80.0% interest in certain property pursuant to and more particularly described in the Foreclosure Deed, filed April 7, 2009 in the Probate Records of Baldwin County as instrument number 1171101 . . .

(Doc. 5, p. 15). In the sixth counterclaim, Bama Bayou seeks judgment setting aside the Foreclosure Deed as having been unconscionably obtained by VisionBank, Silverton Bank, and others (Doc. 5, pp. 37-41).

The Corporation argues that these specific allegations make "it [] clear that the FDIC, as Silverton's Receiver, is the name of the real party in interest and is the proper name of the party being sued" (Doc. 72, p. 7). The FDIC goes on to assert

that Silverton Bank was improperly named as it had no assets or liabilities and that Defendants either mistakenly named the wrong party or engaged in artful pleading in an effort to avoid federal jurisdiction (Doc. 72, pp. 7-9).

Bama Bayou counters this argument by noting that the FDIC relies on federal law to make its case and arguing that State law is the appropriate body of literature to consider in making this determination (Doc. 73, pp. 3-6). The Rules of Federal Procedure state that the federal "rules apply to a civil action after it is removed from a state court." Fed.R.Civ.P. 81(c)(1). The significance of this rule is the implication that the federal rules do not apply *before* an action is removed from state court. *See* Moore's Federal Practice, § 81-04[2] (Matthew Bender 3d ed.); *see also Greer v. Skilcraft*, 704 F.Supp. 1570, 1582-83 (N.D. Ala. 1989) (state law controls the commencement of an action when the case is later removed).

Defendants then point to a decision by the Alabama Supreme Court which held that "Rule 10(a), A.R.Civ.P., requires that a complaint include the names of all parties in the title of the action. We have held that 'it is the title of the Complaint and not the body that establishes the parties who are before the court as litigants.'" *Cofield v. McDonald's Corp.*, 514 So.2d 953, 953-54 (Ala. 1987) (*quoting Corona v. Southern Guar. Ins.*

*Co.*, 314 So.2d 61, 63 (1975)).

The Court notes that the pleading which first names Silverton Bank fails to list it—or the FDIC—in the title of that pleading. That pleading lists the Counterclaim Defendants as follows: "VISION BANK, et al., and Fictitious Defendants F-Z being those banks and financial institutions which, along with Vision Bank, were involved in financing and potential financing of the developments known as Riverwalk and/or Bama Bayou" (Doc. 5, p. 2). So, neither Silverton Bank nor the FDIC are listed in the Title of the pleading which first names Silverton as a Counterclaim Defendant; without reading the body of the pleading, this Court would not know that Silverton Bank was a named party. Though it would appear that Bama Bayou's counterclaim against Silverton Bank should be dismissed,[4] *see Cofield*, 514 So.2d at 953-54, it is readily apparent that FDIC, under Alabama law, is not a named party in this action. As such, the first requisite for removal under § 1819 has not been met.

The second requirement for removal to be appropriate under

---

[4]That matter will be taken up at a later time by this Court if it is determined that this Court has jurisdiction and the action is not remanded.

§ 1819 is for the Corporation to be substituted as a party.  The
FDIC has argued that it satisfied this requisite when it filed
Motions for Substitution of Parties, along with copies of the
Order appointing the FDIC as Receiver of Silverton Bank, in the
State Court (Doc. 72, p. 11).  Court records indicate that the
FDIC did file this motion (Doc. 29, pp. 97-104).  The Court can
find no assertion by the FDIC that the Motion was granted,
however; Bama Bayou has asserted, with documents, that it was
not (Doc. 64, pp. 9, 16-61).  So the question remains as to
whether the mere filing of the motion for substitution was
sufficient.

The Corporation argues that § 1819(b)(2)(B) is to be read
as identical to the provision in the Resolution Trust
Corporation (hereinafter *RTC*) removal statute, *viz.*, 12 U.S.C. §
1441a(l)(3)(A).[5]  While admitting that the provisions are
comparable, though not identical, Defendants argue that the RTC
provision differs in that it defines the term *substituted* while

---

[5] "The Corporation, in any capacity and without bond or security, may remove any action, suit, or proceeding from a State court to the United States district court with jurisdiction over the place where the action, suit, or proceeding is pending, . . . The removal of any such suit or proceeding shall be instituted - (i) not later than 90 days after the date the Corporation is substituted as a party, or (ii) not later than 30 days after service on the Corporation, if the Corporation is named as a party in any capacity and if such suit is filed after August 9, 1989."

8

the FIRREA statute does not (Doc. 73, pp. 6-7). Specifically, the RTC statute provides the following:

> The Corporation shall be deemed substituted in any action, suit, or proceeding for a party upon the filing of a copy of the order appointing the Corporation as conservator or receiver for that party or the filing of such other pleading informing the court that the Corporation has been appointed conservator or receiver for such party.

12 U.S.C. § 1441a(l)(3)(B). The FDIC has urged this Court to treat the FIRREA and RTC as being the same on the substitution issue. However, the U.S. Supreme Court, in *I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421, 432 (1987), stated that "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (citations omitted).

The exclusion of a substitution provision in the FIRREA means the Court must resort to Ala.R.Civ.P. 25 to determine when a substitution of parties has been accomplished. That rule states that "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the

original party." Ala.R.Civ.P. 25(c).  As the Alabama Courts have not yet granted the Corporation's Motion to Substitute, Alabama law would indicate that the substitution has not yet been accomplished.

In summary, the FDIC has failed to demonstrate that it meets either requirement of 12 U.S.C. § 1819.  Specifically, there has been no showing that the Corporation is a named party to this action or that it has been substituted for another party to this action.  Therefore, it is recommended that the Motion to Remand filed by Defendants/Counterclaimants (Doc. 64) be granted and that this action be remanded back to the Mobile County Circuit Court for further proceedings.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

>   A party may object to a recommendation entered by a
>   magistrate judge in a dispositive matter, that is, a matter
>   excepted by 28 U.S.C. § 636(b)(1)(A), by filing a
>   "Statement of Objection to Magistrate Judge's

Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded).**
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 12th day of January, 2011.


                                    s/BERT. W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE