IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VISION BANK, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL ACTION 10-0572-KD-M |
| | ) |
| BAMA BAYOU, LLC, et al., | ) |
| | ) |
|    Defendants. | ) |

## ORDER

After due and proper consideration of all pleadings in this file, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is adopted as the opinion of this Court, with the following amendments:

1. The section of the report and recommendation, beginning with the phrase "The Court will first take up the question of …." on page four and ending with the phrase "has not been met" on page seven, is stricken. The Court inserts the following:

First, it is clear from the pleadings that no action, suit or proceeding has been filed against the FDIC. Even assuming that an action has been properly filed against Silverton Bank, FDIC is not currently a party to the litigation as the FDIC was not named. The FDIC did not automatically become a party when it became receiver of Silverton Bank.

The issue of becoming a party by attribution (as the receiver) in the context of 12 U.S.C. §1819(b)(2)(A) was lurking in <u>Castleberry v. Goldome Credit Corporation</u>, 408 F. 3d 773 (11th Cir. 2005) but not specifically addressed. In <u>Castleberry</u>, the court held that the FDIC first became a party when cross-claims were filed specifically against the FDIC (as receiver for

1

Goldome Bank). Id. at 783. The court rejected the FDIC's argument that because an action had been filed against a subsidiary (Goldome) of Goldome Bank that the FDIC was a party. Id. The fallacy of this argument was demonstrated by two facts: 1) FDIC was not a named party as required by the statute; and 2) the FDIC could not have been considered a party through attribution because Goldome Bank was a separate entity from Goldome. What was not directly answered is the question before the court: Is attribution through receivership status enough to satisfy the removal statute which requires that an action be filed against the FDIC?

Other courts have addressed this issue head-on and their reasoning is adopted by this court. In Buczkowski v. Federal Deposit Insurance Corporation, 415 F. 3d 594 (7th Cir. 2005) the court stated,

> The FDIC may be a bank's receiver or insurer or regulator (its three statutory capacities) but is not a "party" to anything in particular in any of these capacities. It becomes a "party" only in court. "Substituted as a party" and "appointed as a receiver" are too different to equate. Federal practice requires notice and motion for all substitutions other than the identity of an officeholder in official-capacity suits.

Id. at 596; see also Minkner v. Washington Mutual Bank, N.A., 2010 WL 376964, *3 (D. Ariz. January 25, 2010) (unpublished opinion) ("FDIC's appointment as a receiver or appearance in state court do not automatically insert the FDIC as a party.") (citation omitted).

Accordingly, the FDIC was not in a position to remove based solely on its status as the receiver for Silverton Bank because it was not a party to the action.

2. The section of the report and recommendation, beginning with the phrase "The exclusion of a …. " on page nine and ending with the phrase "substitution has not been accomplished" on page ten, is stricken. The Court inserts the following:

> The FDIC has not been properly substituted under either Ala. R. Civ. 25 or Fed.R.Civ.P. 25(c). Both rules require that the court act upon a motion to substitute; neither rule allows for

2

automatic substitution when there is a transfer of interest.  Accordingly, the FDIC has not been "substituted as a party".

Accordingly, it is ORDERED that the Motion to Remand (Doc. 64) be **GRANTED** and that this action be **REMANDED** to the Mobile County Circuit Court for further proceedings.

DONE this 11th day of February, 2011.

s/ Kristi K. DuBose  
KRISTI K. DuBOSE  
UNITED STATES DISTRICT JUDGE